LUCIUS DENNISON AND OTHERS *v.* DAVID POWERS.

*New Trial.  Practice.  Jury.*

A jury having settled their minds as to the rights of the parties, but being in doubt as to the proper mode of making a computation of what was due the successful party, called the county clerk into their room and inquired of, and were correctly informed by, him, how the computation should be made, and rendered a verdict accordingly. *Held,* that this course, though an irregularity, would not warrant the court in setting aside the verdict.

PETITION FOR A NEW TRIAL. The facts are stated in the opinion of the court.

*E. A. Cahoon and T. Bartlett,* for the petitioner.

*Peck & Colby,* for the petitionee.

BARRETT, J. The calling of the clerk into the jury room, as was done in this case, was an irregularity that should not have occurred ; but nothing improper was intended by it either by the jury or the clerk. The parties and their counsel had no connection with it. It was a matter solely between the jury and the clerk. The jury had settled their minds as to the rights of the parties, but were in doubt as to the proper mode of making a computation of what was due upon the execution. The clerk, in reply to inquiry, told the jury how the computation should be made, and told them correctly. Hence no error or injury has resulted. The matter then rests in a mere irregularity without the fault of either of the parties.

The current of decision both within and without this state is now almost uniform, that the courts will not visit the consequences of such an irregularity upon an unoffending party, where it has wrought no prejudice or injury to the other party. Such is the uniform ruling in the county courts, for several years, upon motions to set aside verdicts for such causes, and meets the approbation of judges where cases of the kind arise in this court.

On the whole, the court are unanimous in holding that the petition in this case be dismissed, with costs to the petitionee.